Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Yan Katsnelson, Flora Katsnelson y la Soc. Legal de Bienes Gananciales compuesta por ellos<br><br>Recurridos<br><br>vs.<br><br>Jacky Aizenman, Gina Aizenman también conocida como Gina Lazoff Goldlorg y la Soc. Legal de Bienes Gananciales compuesta por ellos<br><br>Peticionarios | KLAN202401030 CONS. KLCE202401259 | **APELACIÓN acogida como _CERTIORARI_** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2021CV00125<br><br>Sobre: Incumplimiento de Contrato; Cumplimiento Específico de Contrato de Compraventa; _Injunction_ Permanente y Daños |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y el Juez Pérez Ocasio.[1]

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparecen ante nos, Jacky Aizenman, Gina Aizenman y la Sociedad Legal de Bienes Gananciales por ellos compuesta (en adelante, matrimonio Aizenman o peticionarios), quienes presentan recurso de apelación, con el código alfanumérico KLAN202401030, en el que solicitan la revocación de la "Resolución y Orden" emitida y notificada el 22 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la "Moción de Desestimación" presentada por los peticionarios. Por otro lado, mediante recurso de _certiorari_, con el código alfanumérico KLCE202401259, el

---

[1] Véase la Orden Administrativa Núm. OATA-2024-129, donde se designa como juez sustituto al Hon. Alberto L. Pérez Ocasio, debido a la inhibición de la Hon. Grisel M. Santiago Calderón.

matrimonio Aizenman solicita la revocación de la "Resolución Interlocutoria" dictada y notificada el 18 de octubre de 2024, por el mismo foro recurrido. Mediante este dictamen, el foro *a quo* ordenó la sustitución de parte, según solicitado por el señor Yan Katsnelson (en lo sucesivo, Sr. Katsnelson o recurrido).

Tras examinar la naturaleza y procedencia del caso de autos, la apelación presentada en el caso KLAN202401030 será acogida como un recurso de *certiorari*, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Examinadas las solicitudes de autos, la totalidad del expediente y el estado de derecho aplicable, confirmamos ambos dictámenes mediante los fundamentos que expondremos a continuación.

## I.

El 14 de enero de 2021, el Sr. Katsnelson y su esposa, la señora Flora Katsnelson (en conjunto, matrimonio Katsnelson), presentaron una "Demanda" contra el matrimonio Aizenman por, entre otros asuntos, incumplimiento de contrato. En resumidas cuentas, alegaron que ambas partes suscribieron un *Purchase and Sale Agreement* por medio del cual los peticionarios acordaron vender una propiedad ubicada en el término municipal de Guaynabo, Puerto Rico. No obstante lo anterior, esgrimieron que, luego de que las partes acordaron la compraventa del referido inmueble, el 29 de diciembre de 2020, el matrimonio Aizenman informó su intención de no vender la propiedad y dar por terminado el contrato al amparo de la cláusula 1(j) del acuerdo. Esto, pues, según la mencionada cláusula, los peticionarios, en calidad de vendedores, tenían la discreción de dar por terminado el contrato cuando el inmueble requiriese $5,000.00 o más en reparaciones. Sin embargo, el matrimonio Katsnelson negó que la cláusula 1(j) del acuerdo fuese aplicable al caso, ya que ellos

nunca solicitaron reparaciones por cantidad alguna. Solicitaron el cumplimiento específico del contrato, más el resarcimiento de los daños y perjuicios ocasionados por el incumplimiento contractual.

Tiempo después, el 3 de febrero de 2023, el matrimonio Katsnelson presentó una "Demanda Enmendada" y, en síntesis, reiteró que, como la cláusula 1(j) del acuerdo es inaplicable al caso, el matrimonio Aizenman está imposibilitado de resolver el contrato de compraventa. Asimismo, añadieron que los peticionarios actuaron de mala fe y, además, incorporaron varias causas de acción incluyendo una petición de sentencia declaratoria y la imposición de honorarios de abogado.

El matrimonio Aizenman presentó su "Contestación a Demanda Enmendada" el 28 de febrero de 2023, y negó varias de las alegaciones contenidas en la reclamación. Señalaron que, ante el hecho de que el matrimonio Katsnelson hizo un requerimiento de reparaciones que excede la cantidad de $5,000.00, éstos ejercieron legítimamente su derecho de cancelar el contrato según la cláusula 1(j).

Así las cosas, el 11 de diciembre de 2023, el matrimonio Aizenman presentó una "Moción de Desestimación" en la cual informó el fallecimiento de la señora Flora Katsnelson, esposa del Sr. Katsnelson. En vista de este suceso, sostuvieron que la reclamación presentada en su contra no ameritaba la concesión de remedio alguno. Específicamente, porque la cláusula 1(n) del contrato de compraventa dispone que, ante la muerte de cualquiera de las partes, el acuerdo terminará inmediatamente. En ese contexto, esbozaron que la solicitud del recurrido se tornó académica y que, consecuentemente, procede la desestimación del pleito.

Por su parte, el 3 de enero de 2024, el Sr. Katsnelson presentó su "Oposición a Moción de Desestimación" y argumentó

que: (1) la solicitud de los peticionarios es procesalmente impropia porque versa sobre asuntos que no fueron planteados en las alegaciones de la reclamación; (2) la invocación de la cláusula 1(n) del contrato de compraventa presupone que el contrato está vigente, por lo que violenta la doctrina de actos propios; y (3) en términos sustantivos, la petición es contraria al principio de buena fe y a la doctrina de abuso del derecho.

Posteriormente, el 9 de enero de 2024, el matrimonio Aizenman presentó un escrito mediante el cual solicitó que, tras la muerte de la señora Flora Katsnelson, los procedimientos debían suspenderse hasta tanto se solicitara la sustitución de parte, de conformidad con la Regla 22.1 de Procedimiento Civil, *infra*.[2] En cambio, el 14 de enero de 2024, el Sr. Katsnelson se opuso y explicó que la solicitud de los peticionarios se tornó académica porque, acaecida la muerte de su esposa, éste adquirió todo interés en el litigio y el contrato de compraventa mediante las operaciones legales correspondientes.[3]

Mediante "Orden" emitida y notificada el 7 de febrero de 2024, el foro primario le ordenó al recurrido a clarificar su punto en cuanto a que había adquirido todo interés mediante las operaciones legales correspondientes.

En vista de lo anterior, el 16 de febrero de 2024, el Sr. Katsnelson presentó una "Moción en Cumplimiento de 'Orden' del 7 de febrero de 2024" junto con la cual acompañó copia de: (1) documento de partición parcial del caudal de la señora Flora Katsnelson; (2) acuerdo de compraventa de interés en el contrato y el litigio de epígrafe; y (3) evidencia del pago correspondiente.

---

[2] Véase, "Moción en torno a Suspensión de los Procedimientos ante Fallecimiento de Co-Demandante", a la pág. 3830 del apéndice.

[3] Véase, "Moción Informativa, en Oposición a 'Moción en torno a Suspensión de los Procedimientos ante Fallecimiento de Co-Demandante' y para Continuación de los Procedimientos", a la pág. 3833 del apéndice.

Ese mismo día, entiéndase, el 16 de febrero de 2024, el recurrido también presentó una "Moción Sobre Sustitución de Parte" en la que enfatizó haber adquirido todo interés en el litigio y el contrato. Por consiguiente, peticionó la sustitución de la señora Flora Katsnelson, según la Regla 22 de Procedimiento Civil, *infra*.

El 19 de marzo de 2024, el matrimonio Aizenman presentó su "Réplica a 'Moción Informativa y en Oposición a Solicitud de Suspensión...' y Oposición a 'Moción en Cumplimiento de Orden' y 'Moción sobre Sustitución de Parte'". En esencia, manifestó que, al activarse la cláusula resolutoria número 1(n) del contrato, el referido acuerdo quedó resuelto inmediatamente. Añadió que, los documentos sometidos por el recurrido son inconsecuentes y nulos, toda vez que los herederos de Flora Katsnelson están impedidos de transferir al Sr. Katsnelson un derecho que no poseen.

El Sr. Katsnelson presentó su "Oposición a 'Réplica a Moción Informativa y en Oposición a Solicitud de Suspensión...' y Oposición a 'Moción en Cumplimiento de Orden' y 'Moción sobre Sustitución de Parte' y Réplica a Urgente Solicitud en Oposición" el 5 de abril de 2024. A grandes rasgos, destacó que: (1) por ser la única parte demandante con interés en el caso, él era quien único correspondía sustituir a su esposa, (2) al firmar el documento sobre transferencia, adquirió el interés pecuniario y contractual de Flora Katsnelson, (3) los peticionarios carecen de legitimación activa para cuestionar los negocios jurídicos a través de los cuales adquirió todo interés en el litigio y el contrato, y (4) la invocación de la cláusula 1(n) del contrato es contraria a la buena fe y a la doctrina del abuso del derecho.

Finalmente, el 9 de abril de 2024, el matrimonio Aizenman presentó una "Breve Réplica a Oposición" en la que indicó que: (1) la cláusula 1(n) del contrato se invocó oportunamente, (2) los

documentos de transferencia otorgados por el recurrido son irrelevantes y no cambian el hecho de que ocurrió la resolución del contrato, (3) no cabe hablar de abuso del derecho en la aplicación de una cláusula resolutoria que fue negociada por las partes y pactada de forma voluntaria, y (4) el fallecimiento de la señora Flora Katsnelson es un acto inesperado y ajeno a los peticionarios y no puede imputárseles mala fe a éstos.

Evaluadas las posturas de ambas partes, el 22 de agosto de 2024, el Tribunal de Primera Instancia emitió y notificó una "Resolución y Orden" mediante la cual declaró No Ha Lugar la "Moción de Desestimación" presentada por el peticionario. Razonó que existe controversia en cuanto si el contrato de compraventa se encontraba vigente, al momento del fallecimiento de la señora Flora Katsnelson. Por entender que es necesario aquilatar elementos de subjetividad y credibilidad, determinó que la celebración de un juicio en su fondo es necesaria. Adicionalmente, concluyó que, independientemente de la vigencia del contrato, el Sr. Katsnelson, pudiera tener derecho al resarcimiento de los daños contractuales que reclama en su "Demanda". Por último, ordenó al recurrido a acreditar adecuadamente su adquisición del interés litigioso de los miembros de la sucesión de la señora Flora Katsnelson y a presentar la documentación pertinente, para entonces proceder con la sustitución de parte conforme la Regla 22 de Procedimiento Civil, *infra*.

Inconforme, el 3 de septiembre de 2024, el Sr. Katsnelson presentó una "Moción de Reconsideración con relación a 'Resolución y Orden' del 22 de agosto de 2024", y peticionó dos cosas: (1) que se determine que el recurrido adquirió todo interés litigioso de la sucesión de la señora Flora Katsnelson y, como tal, es la única parte con interés en este litigio; y (2) que se elimine

toda relación de hechos, por ser innecesario en vista del tipo de moción dispositiva que se denegó.

Igualmente insatisfecho, el 6 de septiembre de 2024, el matrimonio Aizenman presentó una "Moción de Reconsideración de Resolución y Orden del 22 de agosto de 2024" y acentuó que: (1) independientemente de si el contrato estaba vigente o no a la fecha del fallecimiento de la señora Flora Katsnelson, el Tribunal llegaría al mismo resultado: la resolución del contrato y devolución del depósito, y (2) bajo ningún escenario, el recurrido tendrá derecho al resarcimiento de los daños que reclama.

Ambas partes presentaron sus respectivas oposiciones y reiteraron sus argumentos.[4]　Atendidos sus escritos, el 18 de octubre de 2024, el Tribunal de Primera Instancia emitió y notificó una "Resolución Interlocutoria" declarando No Ha Lugar la "Moción de Reconsideración de Resolución y Orden del 22 de agosto de 2024" presentada por el matrimonio Aizenman.　Ese mismo día, o sea, el 18 de octubre de 2024, el foro recurrido emitió y notificó otra "Resolución Interlocutoria" declarando Ha Lugar la "Moción de Reconsideración con relación a 'Resolución y Orden' del 22 de agosto de 2024" presentada por el Sr. Katsnelson.　Asimismo, ordenó la sustitución de parte, según solicitada por el recurrido.

En desacuerdo con ambos dictámenes, el matrimonio Aizenman recurre ante esta segunda instancia judicial, y señala la comisión de los siguientes señalamientos de error:

### KLAN202401030

*Primer Error: Erró el Tribunal de Primera Instancia al determinar que existe controversia con relación a la resolución del contrato, cuando el mismo establece que, en caso de muerte de alguna de las partes contratantes, el acuerdo quedaría resuelto inmediatamente y procedería la devolución del depósito a la parte compradora.*

---

[4] Véase, apéndice págs. 3905 y 3909.

*Segundo Error: Erró el Tribunal de Primera Instancia al denegar desestimar la demanda tras determinar que la parte demandante-apelada pudiera tener derecho al resarcimiento de daños por alegado incumplimiento contractual de la parte demandada-apelante, cuando el contrato suscrito entre las partes excluye dicho remedio.*

**KLCE202401259**

*Primer Error: Erró el Tribunal de Primera Instancia al autorizar la sustitución de la parte fallecida, Flora Katsnelson, a favor de su cónyuge supérstite Yan Katsnelson, cuando el interés sobre el contrato objeto del caso no es transferible por ser de carácter personalísimo de duración vitalicia y se extinguió por efecto de la cláusula resolutoria por muerte.*

## II.

### -A-

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. *Díaz Vázquez y otros v. Colón Peña y otros*, 2024 TSPR 113, 214 DPR ___ (2024); *Inmobiliaria Baleares, LLC v. Benabe González*, 2024 TSPR 112, 214 DPR ___ (2024). La aludida regla dispone lo siguiente:

> *Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.*

Al resolver una solicitud de desestimación fundamentada en el inciso (5) de la precitada regla, el tribunal está obligado a dar por ciertos, y de la forma más favorable para el demandante, todos los hechos bien alegados en su reclamación, siempre y cuando hayan sido aseverados de manera clara y concluyente. *Díaz Vázquez y otros v. Colón Peña y otros, supra; Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 78 (2023). Por ello, nos corresponde evaluar si, a la luz de la situación más favorable al demandante,

las alegaciones contenidas en su demanda son suficientes para constituir una reclamación válida. *Díaz Vázquez y otros v. Colón Peña y otros, supra.* En otras palabras, "[l]a demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).

Por otro lado, la Regla 6.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.5, establece que "[c]ada aseveración en una alegación será sencilla, concisa y directa. No se exigirán fórmulas técnicas para la redacción de las alegaciones o mociones". En sintonía con lo anterior, nuestra Alta Curia ha manifestado que no es necesario que se expongan en la demanda, con lujo de detalles, los hechos que dan base a la reclamación. *Rivera Candela v. Universal*, 2024 TSPR 99, 214 DPR ___ (2024). Sino que, lo esencial es que los demandados queden informados de lo que se les reclama de tal forma que éstos puedan comparecer a defenderse si así lo estiman conveniente. *Íd.*

Ahora bien, al atender una moción de desestimación, el tribunal deberá tener en cuenta que la norma procesal que rige dispone que la demanda tiene que incluir hechos que demuestren que el peticionario posee derecho a algún remedio. Véase, Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. Es decir, la demanda tiene que establecer una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13, 213 DPR ___ (2024). Por lo tanto, las alegaciones conclusorias no son suficientes y no deben presumirse como ciertas. R. Hernández Colón, <u>Derecho Procesal Civil</u>, 6ta ed., San Juan, LexisNexis, 2017, pág. 307. De este modo, si el Tribunal entiende que se incumple con el estándar de plausibilidad, "entonces debe desestimar la demanda, pues no

puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba". *Costas Elena y otros v. Magic Sport y otros, supra.*

**-B-**

La Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1, regula todo lo concerniente a la sustitución de parte por causa de muerte. En términos literales, la precitada disposición establece que:

> *(a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia desestimando el pleito.*
>
> *(b) **Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes** dentro del término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. **El tribunal**, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, **ordenará la sustitución de la parte fallecida por las partes apropiadas**. Los(Las) y las causahabientes o representantes podrán presentar la solicitud de sustitución del(de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 de este apéndice y a las que no lo sean en la forma que dispone la Regla 4 de este apéndice. **La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito**. Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia desestimando el pleito sin perjuicio. [...]* (Énfasis nuestro).

Nuestra Alta Curia ha manifestado que la persona idónea para sustituir a un causante es la que indica el derecho sustantivo. *Vilanova v. Vilanova,* 184 DPR 824, 838 (2012). A su vez, debido a que el sustituto se coloca en la misma posición de la parte que es sustituida, el trámite procesal de sustitución no afecta los derechos sustantivos de las partes. *Íd.*

**-C-**

En nuestro ordenamiento jurídico los contratos son fuente de obligación. Art. 1063 del Código Civil de 2020, 31 LPRA sec.

8984.[5] El contrato se define como "el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". Art. 1230 del Código Civil de 2020, 31 LPRA sec. 9751. Nuestro Código Civil establece que "[e]l contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa". Art. 1237 del Código Civil de 2020, 31 LPRA sec. 9771. Por lo que, para que un contrato se considere válido, es necesario que concurran tres elementos esenciales: (1) consentimiento de los contratantes, (2) objeto cierto y (3) causa de la obligación. *Aponte Valentín et al. v. Pfizer Pharm.,* 208 DPR 263, 284 (2021). La falta de alguno de ellos será causa de nulidad o anulabilidad del contrato. *Feliciano v. Luxury Hotels Int'l,* 210 DPR 712, 728 (2022).

Una vez la parte presta su consentimiento sobre el objeto y la causa, ésta queda obligada al cumplimiento de la obligación pactada, ya que "[l]o acordado en los contratos tiene fuerza de ley entre las partes". Art. 1233 del Código Civil de 2020, 31 LPRA sec. 9754. Conforme con lo anterior, en Puerto Rico rige el principio de la inalterabilidad del contenido del contrato, también conocido como *pacta sunt servanda,* en virtud del cual las partes contratantes poseen facultad para acordar cualquier tipo de cláusula, siempre y cuando ésta "no sea contraria a la ley, a la moral o al orden público". Art. 1232 del Código Civil de 2020, 31 LPRA sec. 9753. Además, en nuestra jurisdicción permea el principio de la autonomía de la voluntad o libertad de contratación. Por tanto, una persona puede "contratar o no hacerlo, y hacerlo, o no, con determinada persona". *Íd.*

---

[5] Debido a que el contrato de compraventa fue firmado por las partes el 28 de noviembre de 2020, fecha en que entró en vigor el recién aprobado Código Civil de 2020, son de aplicación las disposiciones del mencionado cuerpo legal.

Respecto a la interpretación del negocio jurídico bilateral, como lo es el contrato, si sus términos "son claros y no dejan duda sobre la intención de las partes, se estará al sentido literal de sus palabras". Art. 354 del Código Civil de 2020, 31 LPRA sec. 6342. No obstante, "[s]i las palabras parecen contrarias a la intención evidente de las partes, prevalecerá la intención sobre lo expresado". *Íd.* Ahora bien, nuestro Alto Foro ha manifestado que:

> *[C]uando los términos de un contrato son claros y no dejan dudas sobre la intención de los contratantes, no cabe recurrir a reglas de interpretación, por lo que se está al sentido literal de las cláusulas pactadas. Es decir, se debe seguir y respetar la letra clara del contrato cuando la misma refleja inequívocamente la voluntad de las partes. Cruz, López v. Casa Bella y otros*, 2024 TSPR 47, 213 DPR ____ (2024).

Por consiguiente, solo es necesario juzgar la intención de los contratantes cuando no sea posible determinar la voluntad de las partes con la mera lectura literal de las cláusulas contractuales. *Íd.* En fin, lo que se procura es el cumplimiento de las promesas contractuales sobre las cuales las partes contratantes otorgaron su consentimiento. *Ramos v. Orientalist Rattan Furnt., Inc.*, 130 DPR 712, 721 (1992). Por lo que, "[u]na vez se determina lo que las partes acordaron, el juzgador debe resolver las controversias entre las partes acorde a lo estipulado". *C.F.S.E. v. Unión de Médicos*, 170 DPR 443, 451 (2007).

Por último, debemos mencionar que los contratantes pueden convenir cláusulas condicionales, cuya eficacia está supeditada a que ocurra un hecho positivo o negativo, futuro e incierto. Art. 303 del Código Civil de 2020, 31 LPRA sec. 6241. Hay dos tipos de cláusulas condicionales: (1) las suspensivas y (2) las resolutorias. En lo que nos concierne, las cláusulas resolutorias son aquellas que tienen el efecto de extinguir el negocio jurídico. *Íd.* En los contratos con prestaciones recíprocas, como lo es un contrato de compraventa, "se encuentra implícita la facultad de resolver

extrajudicialmente el contrato por falta de cumplimiento de una obligación principal". Art. 1255 del Código Civil de 2020, 31 LPRA sec. 9823. De este modo, si uno de los contratantes incumple con su obligación, el otro puede resolver el contrato sin necesidad de que un tribunal así lo declare. *Álvarez v. Rivera*, 165 DPR 1, 19 (2005).

### III.

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, este foro apelativo intermedio se encuentra en posición de expedir ambos recursos. Ante la discreción que poseemos para atender el asunto, procedemos a resolver la controversia.

Toda vez que el primer señalamiento de error del recurso KLAN202401030 se encuentra íntimamente relacionado con el único señalamiento de error hecho en el recurso KLCE202401259, procedemos a discutirlos conjuntamente.

Según surge de la relación de hechos ya discutida, el matrimonio Aizenman y el matrimonio Katsnelson firmaron un contrato para la compraventa de una propiedad. Posteriormente, el **14 de enero de 2021**, el matrimonio Katsnelson demandó a los peticionarios porque éstos se negaron a venderles el inmueble objeto del contrato. Así, reclamaron el cumplimiento específico del contrato, más daños por incumplimiento contractual.

Así las cosas, el **26 de noviembre de 2023**, falleció la señora Flora Katsnelson, esposa del recurrido. Ante la ocurrencia de este hecho, el matrimonio Aizenman solicitó la desestimación de la reclamación, al amparo de la cláusula 1(n) del contrato de compraventa.

El Tribunal de Primera Instancia emitió dos Resoluciones. En la primera, declaró No Ha Lugar la "Moción de Desestimación"

presentada por los peticionarios. Determinó que no procedía desestimar el pleito por: (1) existir controversia en cuanto si el contrato de compraventa se encontraba vigente al momento del fallecimiento de la señora Flora Katsnelson; (2) ser necesaria la celebración de un juicio para evaluar elementos de subjetividad y credibilidad, y (3) la posibilidad de que el Sr. Katsnelson tuviese derecho al resarcimiento de los daños que reclama en su "Demanda". En la segunda, declaró Ha Lugar la solicitud de reconsideración presentada por el recurrido, y ordenó la sustitución de parte conforme la Regla 22 de Procedimiento Civil, *supra.*

En matrimonio Aizenman argumenta que el foro primario incidió al denegar su petición de desestimación. Fundamenta su postura en la cláusula 1(n) del contrato, la cual dispone que, si muere cualquiera de las partes, el acuerdo quedaría resuelto inmediatamente. Asimismo, los peticionarios esgrimen que el foro apelado erró al autorizar la sustitución de la parte fallecida, puesto que el interés sobre el contrato objeto del caso no es transferible por ser de carácter personalísimo. No tienen razón.

La cláusula 1(n) del contrato de compraventa suscrito por las partes lee como sigue:

> *(n) **Termination Upon Death**: This Agreement shall terminate immediately upon the death of any of the parties, and the Deposit paid shall be returned completely to Purchaser.*

A su vez, el acuerdo en controversia describe a las partes de la siguiente forma:

> *AS PARTY OF THE FIRST PART: Jacky and Gina Aizenman* [...]

> *AS PARTY OF THE SECOND PART: Yan and Flora Katsnelson* [...]

De las disposiciones contractuales que anteceden surge con meridiana claridad que las partes del contrato son cuatro: (1)

Jacky Aizenman, (2) Gina Aizenman, (3) Yan Katsnelson, y (4) **Flora Katsnelson**.

Por otro lado, el acuerdo establece una cláusula resolutoria que, en términos bastante claros, dispone que, ante la muerte de cualquiera de las partes, el contrato terminará inmediatamente y se devolverá el depósito al comprador.

No albergamos duda de que la cláusula 1(n) del contrato de compraventa es una condicional, toda vez que su eficacia está supeditada a que ocurra un hecho positivo (que muera alguna de las partes), que es futuro e incierto (muerte). Asimismo, es una cláusula resolutoria en tanto y en cuanto la muerte de cualquiera de las partes tiene el efecto de extinguir el negocio jurídico.

Ahora bien, aunque la inclusión de esta cláusula resolutoria es completamente válida y cónsona con la jurisprudencia, lo cierto es que, todo vínculo contractual tiene sus límites "en todo aquello que sea derivado de las expectativas razonables de lo que la buena fe dicta respecto a la relación contractual". *Rodríguez García v. UCA*, 200 DPR 929, 943 (2018); Art. 1062 del Código Civil de 2020, 31 LPRA sec. 8983. En atención a lo cual, **la aplicación de una cláusula resolutoria depende de las circunstancias específicas de cada caso**, **y de la redacción particular de la cláusula en cuestión**. Examinemos los hechos particulares del caso en cuestión.

La "Demanda" de autos se presentó por hechos ocurridos el **29 de diciembre de 2020**, fecha en que el matrimonio Aizenman informó su intención de no vender la propiedad en cuestión, y de dar por terminado el contrato al amparo de la cláusula 1(j) del acuerdo. **Al momento en que se presentó la** "**Demanda**", **la señora Flora Katsnelson estaba viva y tenía derecho para reclamar el cumplimiento específico del contrato y daños por el alegado incumplimiento contractual**.

No es hasta finales del año **2023**, y luego de culminado el descubrimiento de prueba, que la señora Flora Katsnelson fallece. Según dispone el contrato, es la ocurrencia de este hecho el que activa la facultad de los peticionarios para dar por terminado el acuerdo, en virtud de la cláusula 1(n).

**No obstante**, **no podemos pasar por desapercibido que**, **tal y como reconocen los peticionarios**,[6] **la condición que activa la cláusula resolutoria se cumplió mientras se estaba litigando el pleito de epígrafe**. **De este modo**, **los sucesores de la señora Flora Katsnelson heredaron el derecho a continuar con las acciones legales iniciadas por ésta antes de su fallecimiento**.

En el caso de *Vilanova v. Vilanova, supra,* el Tribunal Supremo de Puerto Rico expresó que, al fallecer una parte durante un litigio, sus herederos, el albacea o administrador de la herencia pueden sustituir al causante en el pleito, al amparo de la Regla 22.1 de Procedimiento Civil, *supra.* **Esta sustitución permite que los herederos continúen con las reclamaciones iniciadas por el difunto**.

A su vez, en *Blassino Alvarado v. Reyes Blassino*, 2024 TSPR 93, 214 DPR ___ (2024), nuestro Alto Foro dictaminó que, cuando un donante fallece después de haber presentado una causa de acción para solicitar la revocación de la donación, sus herederos tienen derecho a continuar con dicha acción legal. **El Tribunal Supremo reiteró que la sucesión está llamada a sustituir al causante en los procesos judiciales al momento de su muerte**.

---

[6] Véase, por ejemplo, "Breve Réplica a Oposición" donde los peticionarios afirman que:

*Con relación a la etapa de los procedimientos en la que se presentó el asunto de la resolución del contrato en virtud de la cláusula 1(n), tampoco cabe hablar de abuso del derecho y mala fe, pues se trata de un evento inesperado sujeto a una condición que, según se mencionó, se cumplió mientras se está litigando si el contrato se rescindió o no al amparo de la cláusula 1(j) sobre solicitud de reparaciones.* SUMAC entrada 148.

Estos precedentes confirman que, **en nuestra jurisdicción, los sucesores pueden heredar el derecho a continuar con las acciones legales iniciadas por el causante antes de su fallecimiento y**, por lo tanto, **pueden sustituirle en dichos pleitos en virtud de la Regla 22.1 de Procedimiento Civil,** *supra.*

En el presente caso, nos topamos ante un escenario de tal naturaleza, puesto que, cuando la señora Flora Katsnelson falleció, ya ésta había presentado personalmente su reclamo para solicitar el cumplimiento específico del contrato, más el resarcimiento de daños. Con este proceder, la causante logró satisfacer el requisito estatutario necesario para que sus herederos pudieran sucederle en la causa de acción instada por esta.

Ahora bien, debido a que los demás herederos de la causante cedieron al Sr. Katsnelson su interés litigioso, **el recurrido advino como única parte indispensable en este caso**. En ese sentido, no era necesario acumular a los demás sucesores de la señora Flora Katsnelson como partes demandantes.

Por las razones que anteceden, actuó correctamente el foro apelado al autorizar la sustitución de parte, acorde la Regla 22.1 de Procedimiento Civil, *supra*. **Siendo el Sr. Katsnelson la única parte con interés en el contrato y en el litigio**, **es este quien puede adecuadamente sustituir a la causante**.

No nos convence el argumento de los peticionarios a los efectos de que el derecho que poseía la señora Flora Katsnelson es uno personalísimo y, por tanto, intransmisible. Como se sabe, un derecho personalísimo es aquel que no se transmite a los herederos del causante, aun cuando éstos formaran parte de su patrimonio. Al respecto, nuestro Código Civil establece que, "[**l**]**os derechos y las obligaciones que nacen del negocio jurídico son transmisibles salvo que sean personalísimos** o inherentes a la

persona; **o cuando su transmisión esté prohibida por la ley o por la voluntad de las partes**". Art. 359 del Código Civil de 2020, 31 LPRA sec. 6361. (Énfasis suplido).

Tras un análisis de la legislación aplicable y del acuerdo suscrito por las partes, concluimos que la transmisión del derecho que poseía la señora Katsnelson para reclamar no está prohibido por ley o por voluntad de las partes. Máxime, cuando el propio contrato reconoce que "[**t**]**his Agreement** constitutes the entire agreement of the undersigned parties regarding the subject matter hereof and **shall be binding upon and shall inure to the benefit of the parties hereto and their respective permitted successors** and assigns". (Énfasis nuestro). Adicionalmente, determinamos que tampoco se trata de un derecho personalísimo o inherente a la persona, según los parámetros que establece nuestro Código Civil. Véase, Art. 512 del Código Civil de 2020, 31 LPRA sec. 6964.

Finalmente, en el segundo señalamiento de error del recurso KLAN202401030, el matrimonio Aizenman sostiene que, conforme las propias cláusulas contractuales, el recurrido no tendría derecho al resarcimiento de los daños que reclama. Tampoco le asiste la razón.

El Art. 1158 del Código Civil de 2020, 31 LPRA sec. 9303, dispone que "[l]a persona que de cualquier modo contraviene el tenor de su obligación, debe indemnizar los daños y perjuicios causados". **Las cláusulas del contrato de compraventa suscrito por las partes no excluyen la aplicación de las disposiciones del Código Civil sobre las consecuencias del incumplimiento de un contrato**. *800 Ponce de León v. AIG*, 205 DPR 163, 181 (2020).[7]

---

[7] Aunque en este caso se hace referencia al Art. 1054 del Código Civil del 1930, 31 LPRA sec. 3018, dicho artículo es equivalente al Art. 1158 del Código Civil de 2020, *supra.*

Por las razones que anteceden, procede la confirmación de ambos dictámenes recurridos.

**IV.**

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, expedimos el auto de *Certiorari*, y confirmamos ambas resoluciones recurridas, emitidas por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones